**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **SHENNIECE J. THOMAS,** )<br><br>      **Plaintiff,**      )<br><br>      **v.**      )<br><br>**SKY 1 BEAUTY,**      )<br><br>      **Defendant.**      )<br> _____ ) | **CIVIL ACTION NO. 5:26-cv-303 (MTT)** |

## ORDER

On July 21, 2026, Plaintiff Shenniece J. Thomas, proceeding pro se, filed her complaint against Defendant Sky 1 Beauty. ECF 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the following reasons, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**. But Plaintiff's complaint lacks important factual allegations that Plaintiff may have omitted because of her pro se status. Thus, the Court **ORDERS** Plaintiff to amend her complaint by **August 14, 2026**.

## I. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

The Court has reviewed Plaintiff's IFP affidavit. Plaintiff's affidavit establishes that she cannot pay the court fees without undue hardship. ECF 2. Thus, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**.

-2-

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Plaintiff is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Plaintiff asserts Defendant terminated her employment on the basis of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964. ECF 1 at 3–5; 42 U.S.C. § 2000e-2(a)(1). "The analysis for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits." *Holland v. Gee*, 677 F.3d 1047, 1054–55 (11th Cir. 2012) (quoting *Armindo v. Padlocker, Inc.,* 209 F.3d 1319, 1320 (11th Cir. 2000)). To establish a prima facie case of discrimination, a plaintiff must show: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the job or benefit at issue; and (4) the employer treated similarly situated employees who were not members of the plaintiff's class more favorably. *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc). Plaintiff is not required to specifically plead the elements of a prima facie case, but she must allege facts that plausibly suggest intentional sex discrimination. *Gomez v. City of Doral*, 2022 WL 19201, at *2 (11th Cir. Jan. 3, 2022); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

While Plaintiff provides some factual allegations in her complaint, important allegations are lacking such that the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). The complaint alleges that on March 5, 2025, Plaintiff was twenty-three weeks pregnant. ECF 1 at 5. She began to feel faint while at work and took

-4-

a seat. *Id.* Plaintiff's employer asked why Plaintiff was sitting down. *Id.* The complaint does not allege Plaintiff told her employer that she was pregnant at that time, but Plaintiff told her employer that she felt faint. *Id.* Plaintiff's employer responded that Plaintiff was not pregnant. *Id.* The two argued, and Plaintiff's employment was terminated. *Id.*

Although the complaint alleges Plaintiff was a member of a protected class and suffered an adverse employment action, it currently lacks factual allegations suggesting intentional discrimination based on pregnancy. *See* ECF 1. The complaint contains very few factual allegations in general, and it does not state facts showing whether or how Plaintiff's employer knew of her pregnancy.[3] *Id.* It is unclear whether this deficiency is because of the manner in which Plaintiff's allegations have been pled or because the complaint lacks substance.

Given Plaintiff's pro se status, the Court will afford Plaintiff an opportunity to amend the complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Plaintiff is **ORDERED** to amend the complaint to include all facts that she wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing her claims. Plaintiff shall have until **August 14, 2026,** to file an amended complaint.

---

[3] The employer's comment that Plaintiff was not pregnant is ambiguous on this point.

In the "statement of claims" section of the amended complaint, Plaintiff must link any claims she makes to Defendant. If Plaintiff fails to link Defendant to a claim, the claim will be dismissed.

Plaintiff must provide enough facts to plausibly demonstrate that Defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting a "statement of claims," Plaintiff list numbered responses to the following questions (to the extent possible) along with Defendant's name:

(1) What did Defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Plaintiff injured as a result of Defendant's actions?

The amended complaint will take the place of and supersede Plaintiff's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847–48 (11th Cir. 2013). Plaintiff may not refer to, or incorporate by reference, the previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

After Plaintiff files the amended complaint, the Court will conduct a frivolity review and, if necessary, dismiss any claims pursuant to 28 U.S.C. § 1915(e)(2)(B). Defendant shall not be served until after the Court completes its frivolity review of the amended complaint.

**C. Fed. R. Civ. P. 11 Obligations**

The Court informs Plaintiff of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Plaintiff's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Plaintiff in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff shall include a signed statement disclosing whether Plaintiff used AI to assist in the preparation of and drafting of the pleading. Plaintiff need not disclose specifically how Plaintiff used AI. The statement shall also certify that Plaintiff has verified the**

-8-

**accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend the complaint no later than **August 14, 2026**.

**SO ORDERED**, this 26th day of July, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT