**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHENNIECE J. THOMAS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-303 (MTT)** |
| **SKY 1 BEAUTY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

On July 21, 2026, Plaintiff Shenniece Thomas, proceeding pro se, filed her complaint against Defendant Sky 1 Beauty and moved to proceed *in forma pauperis* ("IFP"). ECF 1; 2. The Court granted Plaintiff's motion to proceed IFP but ordered Plaintiff to recast her complaint. ECF 3. Plaintiff filed a recast complaint on August 25, 2026, which the Court now screens pursuant to 28 U.S.C. § 1915(e). ECF 6.

## I. DISCUSSION

### A. Frivolity Review

When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same

standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Plaintiff is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

The amended complaint alleges Plaintiff was an employee of Sky 1 Beauty and that in January 2025, Plaintiff informed Sky 1 Beauty that she was pregnant and provided proof of her pregnancy. ECF 6 at 4. In March, while at work, Plaintiff sat down because she felt faint. *Id.* at 5. When Plaintiff's supervisor asked why she sat down, she responded that all of her work was completed. *Id.* Construing the complaint liberally, she also said she sat down because she felt faint. *Id.* Then Plaintiff's supervisor asked Plaintiff to put away overstocked merchandise using a ladder. *Id.* Plaintiff said she was pregnant and not going to use a ladder. *Id.* The supervisor responded by saying that Plaintiff was not pregnant and that if she did not like the job, she could leave. *Id.* The two argued, and Plaintiff's employment was terminated later that day. *Id.* Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act. *Id.* at 3, 4.

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee on the basis of sex, including on the basis of pregnancy. 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k). “The analysis required for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits.” *Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1320 (11th Cir. 2000). To establish a prima facie case of discrimination, a plaintiff must show: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the job or benefit at issue; and (4) the employer treated similarly situated employees who were not members of the plaintiff's class more favorably. *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc). While Plaintiff is not required to specifically plead the elements of a prima facie case, she must allege facts that plausibly suggest intentional discrimination. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1270 (11th Cir. 2004).

Here, Plaintiff alleges she was a member of a protected class and subject to an adverse employment action. And though the amended complaint’s factual allegations are thin, they plausibly suggest intentional discrimination. Plaintiff alleges she provided proof of her pregnancy to her employer in January, but that in March, Plaintiff’s supervisor denied that she was pregnant and terminated her employment after she refused to use a ladder to put away overstocked merchandise. ECF 6 at 4–5. Liberally construing the amended complaint and giving Plaintiff the benefit of all reasonable inferences, the amended complaint arguably states a claim for pregnancy discrimination. Accordingly, the claim may proceed for further factual development.

**B. Amended Rule 11 Certification Order**

The Court has previously informed Plaintiff of her obligations under Rule 11 of the Federal Rules of Civil Procedure and ordered Plaintiff to, in all pleadings, make certain disclosures concerning the use of artificial intelligence. ECF 3 at 7–8. The Court's order concerning required disclosures is **AMENDED** as follows:

The Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. It is common knowledge that AI can produce what have become known as hallucinations. This happens frequently in responses to legal-related prompts. AI often provides false legal citations and inaccurate summaries of legal authorities and principles. Courts have severely sanctioned lawyers and litigants who have included hallucinations in their filings. To assist Plaintiff in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, Plaintiff shall include a signed statement certifying that Plaintiff has verified the accuracy of all facts and all legal authorities cited and legal theories advanced in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Plaintiff's claim under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, shall proceed for further factual development. Accordingly, it is **ORDERED** that service be made on Defendant Sky 1 Beauty by the United States Marshal Service.

Plaintiff is advised that she must serve upon opposing counsel (or Sky 1 Beauty if not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Plaintiff shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to Sky 1 Beauty or Sky 1 Beauty's counsel. The Clerk of Court will not serve or forward to Sky 1 Beauty or Sky 1 Beauty's counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Plaintiff is responsible for diligently prosecuting her complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff is required to keep the Clerk of Court advised of her current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 27th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT